■ IRVING C. LE BARRON, Respondent, v BARBARA L. PETERS, Appellant. [736 NYS2d 726] —Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Viscardi, J.), entered November 30, 2000 in Washington County, which, inter alia, granted plaintiff's motion for partial summary judgment.

Plaintiff and defendant married in 1965 and executed a separation and property settlement agreement (hereinafter the agreement) pursuant to Domestic Relations Law § 236 (B) (3) in January 1995. The agreement, provided, inter alia, for the distribution of the parties' marital property and contained provisions requiring defendant to pay plaintiff maintenance in the sum of $200 per week which was to be increased yearly based upon the consumer price index. Defendant was also required to maintain medical insurance for plaintiff until his death, remar-

riage or eligibility for Medicare and/or Medicaid. Additionally, defendant agreed to pay the homeowner's insurance, real property and school taxes upon the parties' real property on North Greenwich Road in the Town of Argyle, Washington County, conveyed to plaintiff for his sole occupancy, until his death.

The parties commenced separate divorce actions in 1996. Plaintiff served an answer in defendant's action which contained three counterclaims, the first two alleging breach of the maintenance and medical insurance provisions of the agreement, and the third seeking to set aside the agreement as unfair and unconscionable, the product of duress and coercion. In October 1998, plaintiff moved for summary judgment on the first two counterclaims alleging breach of the maintenance, real property tax, school tax, homeowner's and medical insurance provisions of the agreement and sought, inter alia, money damages. Defendant, proceeding pro se, opposed the application. Supreme Court implicitly found defendant liable for breaching the financial terms of the agreement by granting summary judgment for plaintiff and awarding damages. Defendant appeals.

Contrary to defendant's contention, we find that when plaintiff moved for summary judgment, he chose to enforce the terms of the agreement rather than pursue his counterclaim to set aside the agreement and, therefore, did not violate the principle requiring a party to make an election of remedies between inconsistent positions upon submission of a motion for summary judgment (*see, Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, *lv dismissed* 92 NY2d 962; *Unisys Corp. v Hercules Inc.*, 224 AD2d 365). Furthermore, we find that plaintiff made a prima facie showing of entitlement to summary judgment by tendering sufficient evidence demonstrating the absence of any material issues of fact requiring a trial on the two counterclaims (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Plaintiff established the existence of the agreement, his compliance with its terms and defendant's breach thereof through affidavits and supporting documentary evidence. The burden then shifted to defendant to produce evidence, in admissible form, showing that material issues of fact existed (*id.*, at 326-327; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Defendant made statements acknowledging the validity of the agreement and her breach thereof. She failed to tender sworn allegations supporting the existence of any triable issues with respect to plaintiff's counterclaims. Accordingly, Supreme Court did not err by granting summary judgment to plaintiff.

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the order and judgment is affirmed, without costs.